IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-55,690-05 and WR-55,690-06






EX PARTE EDGAR ARIAS TAMAYO








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 9422714-E and F IN THE 209TH DISTRICT COURT


HARRIS COUNTY






 Per Curiam. Price, J., delivered a statement dissenting in part and 

 concurring in part.



O R D E R



 These are subsequent applications for writs of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5. (1)

 In October 1994, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071, and the trial court, accordingly,
set applicant's punishment at death. This Court affirmed applicant's conviction and sentence
on direct appeal. Tamayo v. State, No. AP-72,033 (Tex. Crim. App. December 11, 1996)(not
designated for publication).

 Applicant filed his initial post-conviction application for writ of habeas corpus in the
convicting court on February 23, 1998. This Court denied relief. Ex parte Tamayo, No. WR-55,690-01 (Tex. Crim. App. June 11, 2003)(not designated for publication). Thereafter,
applicant filed a federal habeas petition, which was stayed pending the United States
Supreme Court's and this Court's resolution of issues arising under the Vienna Convention. 
See Tamayo v. Quarterman, No. H-03-3809, slip op. at 1 (S. Dist. Tex., Aug. 3, 2009)(not
selected for publication). Applicant then filed two subsequent applications for writs of
habeas corpus raising claims under the Vienna Convention. This Court dismissed both
applications. See Ex parte Tamayo, No. WR-55,690-02 (Tex. Crim. App. Sept. 10, 2003)(not
designated for publication) and No. WR-55,690-03 (Tex. Crim. App. July 2, 2008)(not
designated for publication). 

 Applicant thereafter filed an amended federal habeas petition, adding a claim that he
is mentally retarded and so the Eighth Amendment bars his execution. See Atkins v. Virginia,
536 U.S. 304, 321 (2002). He also filed a motion to stay the federal proceeding so that he
could return to this Court to exhaust the Atkins claim. The federal district court granted the
motion. Applicant's third subsequent application in which he raised a claim that he was
mentally retarded was filed in the trial court on March 15, 2010. Holding that applicant
failed to make a threshold showing, this Court dismissed the application. See Ex parte
Tamayo, No. WR-55,690-04 (Tex. Crim. App. June 9, 2010)(not designated for publication). 
Applicant's fourth subsequent writ application was filed in the trial court on January 14,
2014. His fifth subsequent writ application was filed in the trial court on January 16, 2014.

 In his fourth subsequent writ application, applicant asserts that his right to due process
was violated when the State failed to disclose that they had extensively coached a witness
and that the witness had testified falsely at trial. However, applicant has failed to show that
the facts underlying this claim could not have been ascertained previously and raised in one
of the prior writ applications. Nor has applicant otherwise shown that he has met any of the
dictates of Article 11.071 § 5. Accordingly, we dismiss applicant's fourth subsequent writ
application as an abuse of the writ without considering the merits of the claim. 

 In his fifth subsequent writ application, applicant asserts that a decision issued by the
Inter-American Commission on Human Rights requires this Court to address the merits of
his Vienna Convention claim. Applicant also asserts that the Court should reconsider his
claim of mental retardation. Contrary to applicant's arguments, he has not met the dictates
of Article 11.071 § 5. Accordingly, we dismiss his fifth subsequent writ application as an
abuse of the writ without considering the merits of the claims. We also decline to consider
the application under our original habeas jurisdiction. 



 The motions to stay applicant's execution, which were filed with each of these
applications, are denied.

 IT IS SO ORDERED THIS THE 21ST DAY OF JANUARY, 2014.


Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of
Criminal Procedure.